NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENNETH CURTIS GIBLER, *Petitioner*.

No. 1 CA-CR 19-0066 PRPC
FILED 9-10-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2013-416860-001
The Honorable Michael W Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L Kever
*Counsel for Respondent*

Kenneth Curtis Gibler, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

**M c M U R D I E**, Judge:

¶1 Kenneth Gibler petitions this court for review from the dismissal of his petition for post-conviction relief filed according to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Gibler pled guilty to three charges of attempted molestation of a child. On October 3, 2014, the superior court entered judgment and sentenced Gibler to a 12-year prison term to be followed by concurrent terms of lifetime probation.

¶3 Gibler filed an untimely notice and petition for post-conviction relief ("Notice") on December 11, 2018. *See* Ariz. R. Crim P. 32.4(a)(2)(C) ("In a Rule 32 of-right proceeding, a defendant must file the notice no later than 90 days after the entry of judgment and sentence."). Without providing supporting argument, Gibler sought a reduced sentence based on summary assertions that his constitutional rights were violated, including his Sixth Amendment right to competent representation by counsel. Gibler also claimed his delay in filing the notice was not his fault because he had instructed his attorney to file "a timely notice of appeal[.]"

¶4 The superior court summarily dismissed the Notice, and this timely petition for review followed. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393 ¶ 4 (App. 2007). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶5 Gibler does not adequately explain why he commenced the Rule 32 proceedings almost four years after the Notice was due. His assertion that he "had no clue what a Rule 32 entailed and the reason for it" is insufficient because he concedes he received written notice of his rights of review at sentencing. That notice expressly states: "If you want a full copy of the rules governing appeals and post-conviction relief, the clerk of the court in the county where you were convicted will send you one upon request." Gibler does not claim he attempted to obtain a copy of Rule 32 from the court clerk.

¶6 Gibler fails to meet his burden of establishing the superior court abused its discretion. *See* Ariz. R. Crim. P. 32.2(b) ("If the notice does not . . . provide reasons why defendant did not raise the claim . . . in a timely manner, the court may summarily dismiss the notice."); A.R.S. § 13-4234(G)

("The time limits [in Rule 32] are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice.").

¶7        Therefore, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA